FILED

12/28/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0266

DA 17-0266

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 320N

_____

IN THE MATTER OF THE ESTATE
OF ALICE H. CARPENTER,

     Deceased.

_____

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DP 14-58
Honorable James Wheelis, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

        Robert Terrazas, Elizabeth A. Clark, Attorneys at Law, Missoula, Montana

        For Appellee:

        Amy N. Guth, Attorney at Law, P.C., Libby, Montana

_____

Submitted on Briefs:  November 1, 2017

Decided:  December 28, 2017

Filed:

_____
               Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Janice Volkmann, Deanna Greenough, Cathy Ness, and Delbert Carpenter (collectively "Siblings") appeal the Nineteenth Judicial District Court's Order enforcing the "no contest" clause of their mother's will and awarding the Estate its attorney fees and costs. We affirm.

¶3 Alice Carpenter (hereafter "Carpenter") executed a Last Will and Testament on February 22, 2007. The Will devised Carpenter's house and a portion of her real property to her son Lyle and divided her remaining property "in equal shares" to six of her other children: Janice, Deanna, Cathy, Delbert, Bobbie Ferguson, and Alice Thomas. The Will named Carpenter's daughter Connie Tisher personal representative. The Will did not devise any property to Tisher because Tisher had "already received her bequest . . . in the land her home sits on." Carpenter had also assigned Tisher a durable power of attorney in August 2006, prior to executing her Will. The Will included a provision that if any child contested it, that child would receive an inheritance of only one dollar.

¶4 Carpenter died in May 2014 at the age of eighty-six. Her death certificate identified her cause of death as "progressive dementia" with an onset of "> 7 years." A month after Carpenter's death, Tisher filed an application for informal probate of Carpenter's Will and

2

appointment of personal representative. The District Court granted the application, admitted the Will to informal probate, and appointed Tisher as personal representative.

¶5 Tisher filed a petition for determination of testacy, for determination of heirs, and for settlement and distribution of the Estate. Siblings filed a response, alleging that the February 2007 Will was a "forgery" and that it was not Carpenter's last valid will and testament. Siblings asserted that the signature on the Will was forged or that Carpenter "was not of sound mind, and/or she was under the undue influence of her daughter, Connie Tisher," when she executed the Will.

¶6 The District Court issued an order in December 2016 limiting Siblings' inheritances to one dollar each because they had contested the Will. The court reasoned, based on the evidence presented—which included testimony from hearings held and affidavits submitted after the will contest was filed—that Siblings lacked "probable cause" under § 72-2-537, MCA, to challenge the Will's validity. The court therefore determined that the Will's "no contest" clause applied to their inheritances. The court awarded the Estate its attorney fees and costs under § 72-12-206, MCA. Siblings appeal.

¶7 We review a district court's findings of fact to determine whether they are clearly erroneous and its conclusions of law for correctness. *In re Estate of Hannum*, 2012 MT 171, ¶ 19, 366 Mont. 1, 285 P.3d 463. Siblings argue that the District Court incorrectly applied the law in determining "probable cause" when it considered facts in the record that were not known to Siblings at the time they filed their challenge to the Will. They contend that, under § 72-2-537, MCA, the court's analysis of Siblings' probable cause to challenge the Will should have been limited to the facts known to Siblings at the time they initiated

3

the Will contest. Siblings argue that, based on the information they had when they filed their challenge, the District Court should have agreed that they had probable cause to initiate the Will contest. They assert that they reasonably believed that Carpenter either did not sign her Will or that she lacked testamentary capacity and signed it under undue influence.

¶8 Section 72-2-537, MCA, provides: "A provision in a will purporting to penalize an interested person for contesting the will or instituting other proceedings relating to the estate is unenforceable *if probable cause exists for instituting proceedings*." (Emphasis added). "Probable cause" is a "reasonable belief in the existence of facts on which a claim is based and in the legal validity of the claim itself." Black's Law Dictionary 1395 (Bryan A. Garner ed., 10th ed. 2014).

¶9 For purposes of this appeal, we assume as valid Siblings' argument that the District Court applied the wrong standard under § 72-2-537, MCA, when it considered facts developed after Siblings filed their challenge to the Will in its determination of probable cause. Even under this assumption, however, we conclude that the record supports the District Court's conclusion that Siblings lacked probable cause to contest the Will's validity.

¶10 The record shows that when Siblings initiated their challenge, they were aware of these facts: Carpenter may have begun to experience dementia when she executed her Will; some of Carpenter's children had made observations about Carpenter's occasional hallucinations, forgetfulness, and other apparent mental limitations; and Carpenter's May 2014 death certificate noted that she had "progressive dementia" with an onset of

4

"> 7 years," suggesting that this onset may have begun before she executed her Will. But they also knew that Carpenter's physician had written a letter two months before Carpenter signed the Will, opining that she was "still medically competent at making [decisions on her own]."

¶11 Siblings point to their own affidavits that attorney Russell Barnes told Janice and Deanna in January 2015 that he did not in fact draft Carpenter's Will and that he did not recall meeting with Carpenter to prepare her Will; that Barnes showed Siblings a document, allegedly in Tisher's handwriting, that contained "a list of word-for-word changes" that were incorporated into Carpenter's Will; and that Tisher improperly distributed Carpenter's personal belongings after Carpenter's death. Siblings contend that these facts supported their beliefs that Carpenter lacked testamentary capacity, that Tisher exercised undue influence over Carpenter, and that Carpenter's Will may have been forged.

¶12 Assuming that all of this evidence—even the hearsay—was admissible for the purpose of determining whether Siblings had probable cause to challenge the Will, it supports the District Court's conclusion that they did not. Barnes's assertion that he did not recall drafting Carpenter's Will did not establish a reasonable belief, without any objective indication of forgery, that Carpenter's signature on the Will was forged. The existence of a document in Tisher's handwriting containing language identical to that in Carpenter's Will similarly did not constitute evidence that the Will was forged or executed under undue influence. Undue influence requires "specific acts showing that undue influence actually was exercised upon the mind of the testator directly to procure the execution of the will." *In re Estate of Mead*, 2014 MT 264, ¶ 27, 376 Mont. 386, 336 P.3d

5

362 (citation and internal quotations omitted). At the time they filed their contest, Siblings lacked objective facts showing specific acts of undue influence.

¶13 A testator possesses testamentary capacity "if he or she is aware of: (1) the nature of the act to be performed; (2) the nature and extent of the property to be disposed of; and (3) the objects of his or her bounty." *In re Estate of Harris*, 2015 MT 182, ¶ 27, 379 Mont. 474, 352 P.3d 20 (citation and internal quotations omitted). That Carpenter may have begun experiencing dementia prior to February 2007 does not suggest, without more, that she lacked testamentary capacity to execute a Will. And evidence of Tisher's alleged improper distributions of Carpenter's personal belongings after Carpenter's death had nothing to do with Carpenter's testamentary capacity; nor did it tend to show specific acts of undue influence at the time Carpenter executed the Will.

¶14 Speculation and conjecture based on the opportunity for influence or the possibility of diminished capacity do not support a "reasonable belief" that Carpenter's Will was the product of forgery or undue influence. *See* Black's Law Dictionary 1395 (Bryan A. Garner ed., 10th ed. 2014). Nor is there support for a reasonable belief in the legal validity of Siblings' claim. Carpenter's Will left her entire Estate equally to be shared among all her children except for her son Lyle—to whom she devised her house and a specific portion of real property—and Tisher, who had received an inter vivos distribution. That the terms of Carpenter's Will did not benefit Tisher undercuts Siblings' hypothesis that Tisher exercised undue influence over her.

¶15 The District Court's determination that Siblings lacked probable cause under § 72-2-537, MCA, to contest the Will therefore was not clearly erroneous. The court

6

properly enforced the Will's "no contest" clause and ordered that Siblings, as challengers of the Will, inherit only one dollar.

¶16     Siblings also contest the District Court's award of attorney fees and costs. Section 72-12-206, MCA, provides: "When the validity or probate of a will is contested through court action, the attorney fees and costs, as provided in 25-10-201, incurred in defending the validity or probate of the will must be paid by the party contesting the validity or probate of the will if the will in probate is confirmed." Siblings contested the validity of the Will, and Tisher incurred attorney fees and costs in defending its validity. The District Court confirmed the Will. The court therefore correctly determined, under § 72-12-206, MCA, that the Estate was entitled to attorney fees and costs.

¶17     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. The District Court's Order is affirmed.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE